# United States Court of Appeals
# for the Federal Circuit

---

**VIDSTREAM LLC,**
*Appellant*

**v.**

**TWITTER, INC.,**
*Appellee*

---

2019-1734, 2019-1735

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2017-00829, IPR2017-00830.

---

Decided: November 25, 2020

---

EAGLE HOWARD ROBINSON, Norton Rose Fulbright US LLP, Austin, TX, for appellant. Also represented by STEPHANIE DEBROW.

DAVID L. MCCOMBS, Haynes & Boone, LLP, Dallas, TX, for appellee. Also represented by DEBRA JANECE MCCOMAS; RAGHAV BAJAJ, Austin, TX; THOMAS B. KING, Costa Mesa, CA.

---

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

On two *inter partes* review ("IPR") petitions filed by Twitter, Inc., the Patent Trial and Appeal Board ("PTAB" or "Board") held that claims 1–35 of U.S. Patent No. 9,083,997 ("the '997 patent"), assigned to VidStream LLC, are unpatentable on the ground of obviousness.[1] VidStream appeals, arguing that the Board erred in finding that a book authored by Anselm Bradford and Paul Haine[2] ("Bradford") is prior art against the '997 patent.

We affirm the Board's holding that Bradford is prior art. With Bradford as the primary reference, VidStream does not appeal the Board's decision of unpatentability of claims 1–35. That decision is affirmed.

## BACKGROUND

The '997 patent is titled: "Recording and Publishing Content on Social Media Websites." The Abstract states the invention as: "Methods, systems, and apparatus, including computer programs encoded on a computer storage medium, for recording and publishing content on social networking websites and other websites . . . ." '997 patent, Abstract. The '997 patent's priority date is May 9, 2012.

Twitter filed two petitions for IPR, with method claims 1–19 in one petition, and medium and system claims 20–

---

[1] *Twitter, Inc. v. VidStream, LLC*, No. IPR2017-00829, 2019 WL 360174 (P.T.A.B. Jan. 28, 2019) and No. IPR2017-00830, 2019 WL 360175 (P.T.A.B. Jan. 28, 2019). The Board issued substantially identical opinions. Citations to "Board Op." are to IPR2017-00829 unless otherwise noted.

[2] Anselm Bradford & Paul Haine, HTML5 Mastery: Semantics, Standards, and Styling (2011).

35 in the other petition.  Twitter cited Bradford as the primary reference for both petitions, combined with other references.  With the petitions, Twitter filed copies of several pages of the Bradford book, and explained their relevance to the '997 claims.

Twitter also filed a Bradford copyright page which contains the legend:

Copyright © 2011 by Anselm Bradford and Paul Haine

This page also states the ISBN[3] information:

ISBN-13 (pbk): 978-1-4302-3861-4

ISBN-13 (electronic): 978-1-4302-3862-1

The issue on appeal arises because a page of the copy of Bradford cited in Twitter's petitions states:

> Made in the USA
> Middletown, DE
> 13 December 2015

---

[3]  The ISBN is the unique International Standard Book Number which identifies a book.  *See* International ISBN Agency, *ISBN Users' Manual* §§ 2, 3.9, 6.1 (7th ed. 2017) (The International Standard Book Number ("ISBN") "is a unique international identifier for monographic publications . . . .  A separate ISBN shall be assigned to each separate monographic publication or separate edition or format of a monographic publication issued by a publisher.  A separate ISBN shall be assigned to each different language edition of a monographic publication. . . .  A separate ISBN should not be assigned to an unchanged edition or unchanged reprint of the same publication, issued in the same product form, product form detail, product form feature, with the same usage constraints, by the same publisher or imprint.").

VidStream, in its patent owner's response, stated that Bradford is not an available reference because it was published December 13, 2015. Twitter filed replies with additional documents, including a copy of Bradford that was obtained from the Library of Congress,[4] marked "Copyright © 2011;" this copy did not contain the "Made in the USA Middletown, DE 13 December 2015" legend. Twitter also obtained from the Copyright Office a copy of Bradford's Certificate of Registration, that states:

**Effective date of registration**: January 18, 2012

* * *

**Date of 1st Publication**: November 8, 2011

The Certificate of Registration further states: "This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records."

Twitter also filed the Declaration of "an expert on library cataloging and classification," Dr. Ingrid Hsieh-Yee, who declared that Bradford was available at the Library of Congress in 2011. Hsieh-Yee Decl. at ¶¶ 5, 15. Dr. Hsieh-Yee cited a Machine-Readable Cataloging ("MARC") record that was created on August 25, 2011 by the book vendor, Baker & Taylor Incorporated Technical Services & Product Development, adopted by George Mason University, and

---

[4]    The Library of Congress' copy is accompanied by the following statement: "THIS IS TO CERTIFY that the collections of the Library of Congress contain a book entitled HTML5 MASTERY: SEMANTICS, STANDARDS, AND STYLING, Anselm Bradford and Paul Haine . . ., and that the following pages are a true and complete representation from that work."

modified by the Library of Congress on December 4, 2011. *Id.* at ¶¶ 13–15 ("It is my opinion that Bradford would have been searchable on WorldCat as early as August 8, 2011, but in any event no later than December 4, 2011, and therefore accessible to the public as of that time."). Dr. Hsieh-Yee explained that "[l]ibrary online catalogs are based on MARC records that represent their collections and help the public understand what materials are publicly accessible in those libraries." *Id.* at ¶ 11.

In addition, Twitter filed the Declaration of attorney Raghan Bajaj, who stated that he compared the pages from the copy of Bradford submitted with the petitions, and the pages from the Library of Congress copy of Bradford, and that they are identical. Bajaj Decl. at ¶ 5. Twitter stated that the 2015 date is a "reprint date." Twitter Br. at 12 ("[What VidStream relies on] is a reprint date on a copy of the work indicating that particular copy was printed on December 13, 2015.").

Twitter also filed copies of archived webpages from the Internet Archive, showing the Bradford book listed on a publicly accessible website (http://www.html5mastery.com/) bearing the website date November 28, 2011, and website pages dated December 6, 2011 showing the Bradford book available for purchase from Amazon in both an electronic Kindle Edition and in paperback.

VidStream filed a sur-reply challenging the timeliness and the probative value of the supplemental information submitted by Twitter.

The Board instituted the IPR petitions, found that Bradford was an available reference, and held claims 1–35 unpatentable in light of Bradford in combination with other cited references. VidStream appeals.

## STANDARD OF REVIEW

Whether a document is prior art under 35 U.S.C. § 102(a) is a legal determination, based on the specific

facts. *Medtronic, Inc. v. Barry*, 891 F.3d 1368, 1380 (Fed. Cir. 2018). We review the Board's legal determinations *de novo*, and its factual findings for support by substantial evidence. *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1280 (Fed. Cir. 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). Substantial evidence may be "something less than the weight of the evidence but more than a mere scintilla of evidence." *In re Mouttet*, 686 F.3d 1322, 1331 (Fed. Cir. 2012).

The PTAB's evidentiary rulings are reviewed on the standard of abuse of discretion. *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1078 (Fed. Cir. 2015). Abuse of discretion arises if the ruling: "(1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact findings; or (4) follows from a record that contains no evidence on which the Board could rationally base its decision." *Shu-Hui Chen v. Bouchard*, 347 F.3d 1299, 1307 (Fed. Cir. 2003).

## DISCUSSION

VidStream argues that the Board erred in accepting and considering the documents that Twitter provided with its replies. VidStream states that the Bradford pages that were filed with Twitter's petitions were published December 13, 2015, and that Twitter did not show that these pages were available before the '997 patent's filing date. VidStream argues that Bradford was not shown to be a reference against the '997 patent.

## A. **Evidence – PTAB Rules and Procedure**

VidStream argues that the Board violated its own rules in considering evidence that was not provided with the IPR petitions, but only with the replies.

VidStream states that the petitions showed a December 13, 2015 publication date for Bradford, a date long after

the May 9, 2012 filing date of the '997 patent. VidStream stresses that the Board erred by relying on evidence that was first submitted with Twitter's reply briefs, and also that this evidence does not show that the Bradford book on which the IPR petitions were based was accessible before VidStream's 2012 filing date. VidStream states that on proper evidentiary process, there was insufficient evidence that Bradford was a printed publication before the VidStream filing date, because the pages of Bradford filed with the petitions were "made" on "13 December 2015."

VidStream argues that Twitter was required to include with its petitions all the evidence on which it relies, for the PTO's Trial Guide for *inter partes* review requires that "[P]etitioner's case-in-chief" must be made in the petition, and "Petitioner may not submit new evidence or argument in reply that it could have presented earlier." Trial Practice Guide Update, United States Patent and Trademark Office 14–15 (Aug. 2018), https://www.uspto.gov/sites/default/files/documents/2018_Revised_Trial_Practice_Guide.pdf.

Twitter filed, with its replies: a copy of the U.S. Copyright Office Certificate of Registration which states the date of first publication as November 8, 2011; a Library of Congress copy of Bradford; and, the Declaration of Raghav Bajaj that he had compared the excerpts of Bradford submitted with the petitions with the same pages in the Library of Congress copy of Bradford, and found them "identical." VidStream moved to exclude these documents.

Twitter responded that the information filed with its replies was appropriate in view of VidStream's challenge to Bradford's publication date, and that this practice is permitted by the PTAB rules and by precedent, which states:

> [T]he petitioner in an inter partes review proceeding may introduce new evidence after the petition stage if the evidence is a legitimate reply to evidence introduced by the patent owner, or if it is

> used to document the knowledge that skilled arti-
> sans would bring to bear in reading the prior art
> identified as producing obviousness.

*Anacor Pharm., Inc. v. Iancu*, 889 F.3d 1372, 1380–81 (Fed. Cir. 2018) (internal quotation omitted).  "[The Board] has broad discretion to regulate the presentation of evidence . . . ."  *Belden*, 805 F.3d at 1081.

VidStream also argues that it was deprived of a fair opportunity to respond to the evidence submitted with Twitter's replies.  Twitter points out that VidStream was not prejudiced, for the Board authorized VidStream to file a sur-reply, and it did so.

The Board denied VidStream's Motion to Exclude, holding that it was appropriate to permit Twitter to respond to VidStream's challenge by providing additional evidence to establish the Bradford publication date.  We conclude that the Board acted appropriately, for the Board permitted both sides to provide evidence concerning the reference date of the Bradford book, in pursuit of the correct answer.

### B.  **The Bradford Publication Date**

"'[P]ublic accessibility' has been called the touchstone in determining whether a reference constitutes a 'printed publication . . . .'"  *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986).  "A reference will be considered publicly accessible if it was disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence[] can locate it."  *Medtronic*, 891 F.3d at 1380 (alteration in original) (internal quotation marks omitted).  "Whether a reference is publicly accessible is determined on a case-by-case basis based on the 'facts and circumstances surrounding the reference's disclosure to members of the public.'"  *In re Lister*, 583 F.3d 1307, 1311 (Fed. Cir. 2009) (quoting *In re Klopfenstein*, 380 F.3d 1345, 1350 (Fed. Cir. 2004).

When the status of a reference is reasonably challenged, the provider of the reference has the burden of establishing that the requirements of "printed publication" are met. *See Jazz Pharm., Inc. v. Amneal Pharm., LLC*, 895 F.3d 1347, 1356 (Fed. Cir. 2018) ("[W]hether a reference is a 'printed publication' is a 'case-by-case inquiry into the facts and circumstances surrounding the reference's disclosure to members of the public.'" (quoting *Klopfenstein*, 380 F.3d at 1350)).

The Board found that the November 8, 2011 date of first publication, stated in the Copyright Office's Registration Certificate, supports the 2011 copyright date of the copy of Bradford obtained from the Library of Congress and "is consistent with Bradford being for sale on Amazon in December 2011," and "indicates it was published by an established publisher." Board Op. at *5. *See Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1351 (Fed. Cir. 2008) (finding public accessibility when the reference was contained in a book sold to the public). When there is an established publisher there is a presumption of public accessibility as of the publication date. *See Giora George Angres, Ltd. v. Tinny Beauty & Figure, Inc.*, 116 F.3d 1497, No. 96-1507, 1997 WL 355479 at *7 (Fed. Cir. 1997) ("[A]s *Memoirs* was published (in England) by an established publisher, there is no reason to suspect that it was not publicly available, including to one skilled in the art, and no evidence was presented that it was not." (citing *Hall*, 781 F.2d at 899)).

The Board found that the Amazon webpage from the Internet Archive, www.amazon.com/HTML5-Mastery-Semantics-Standards-Styling/dp/1430238615, "supports that Bradford was publicly accessible in 2011, and, in particular, that interested persons could order the book from Amazon either in hard copy or electronically." Board Op. at *6. The Board discussed all the materials that were submitted, and found:

> Although no one piece of evidence definitively establishes Bradford's public accessibility prior to May 9, 2012, we find that the evidence, viewed as a whole, sufficiently does so. In particular, we find the following evidence supports this finding: (1) Bradford's front matter, including its copyright date and indicia that it was published by an established publisher (Exs. 1010, 1042, 2004); (2) the copyright registration for Bradford (Exs. 1015, 1041); (3) the archived Amazon webpage showing Bradford could be purchased on that website in December 2011 (Ex. 1016); and (4) Dr. Hsieh-Yee's testimony showing creation and modification of MARC records for Bradford in 2011.

*Id.* at *9.

VidStream argues that the Board erred, and that even if Twitter's evidence submitted in reply were considered, Twitter did not establish that the pages of Bradford that were provided with the petitions were published before VidStream's May 9, 2012 priority date. VidStream states that "the Board not only considered, but indeed based its public accessibility findings on evidence relating to a version (or versions) of Bradford other than the version . . . in Twitter's IPR petition," VidStream Br. 9 (emphasis removed). VidStream states that the Board "departed from the specific grounds of unpatentability set forth in the petitions and thus exceeded its statutory authority." *Id.*

VidStream stresses that the Board did not link the 2015 copy of Bradford with the evidence purporting to show publication in 2011, *i.e.*, the date of copyright registration, the archival dates for the Amazon and other webpages, and the date the MARC records were created. VidStream argues that the Board did not "scrutiniz[e] whether those documents actually demonstrated that any version of Bradford was publicly accessible at that time." VidStream

Br. 22.  VidStream states that Twitter did not meet its burden of showing that Bradford was accessible prior art.

Twitter responds that the Board correctly found that the collective evidence, including: the Copyright Office evidence of Bradford's 2011 copyright registration, the 2011 copyright date in every copy of Bradford, the presence of an established publisher, the listing for sale on Amazon web pages in 2011, and the book's existence in the MARC records dated August 25, 2011, all uniformly support publication and public accessibility before the '997 patent's priority date of May 9, 2012.  Twitter states that the evidence established the identity of the pages of Bradford filed with the petitions and the pages from the copy of Bradford in the Library of Congress.  Twitter explains that the copy "made" on December 13, 2015 was a reprint, for the 2015 copy has the same ISBN as the Library of Congress copy, as is consistent with a reprint, not a new edition.  *See* n.3, *supra*.

The evidence well supports the Board's finding that Bradford was published and publicly accessible before the '997 patent's 2012 priority date.  *See Nobel Biocare Servs. AG v. Instraden USA Inc.*, 903 F.3d 1365, 1376 (Fed. Cir. 2018) (considering the entirety of the evidence relevant to the Board's finding of printed publication).

We affirm the Board's ruling that Bradford is prior art against the '997 patent.

## C.  **Obviousness Based on Bradford**

The Board cited Bradford as the primary reference, combined with references of Nassiri (U.S. Patent Application Publication No. 2012/0254925 A1, filed April 1, 2011; Tosh'o (Brian Stelter, *Their Pain Is His Gain*, N.Y. Times, Aug. 22, 2010, at AR 15, 19); Lerman (U.S. Patent Application Publication No. 2006/0259588 A1, published Nov. 16, 2006); and Zhu (U.S. Patent Application Publication 2010/0180330 A1, published July 15, 2010).  VidStream

does not challenge the Board's decision of obviousness if Bradford is available as a reference.

### CONCLUSION

In view of our affirmance that Bradford is prior art, we affirm the Board's rulings of unpatentability of claims 1–35 of the '997 patent, in the two IPR decisions on appeal.

## **AFFIRMED**

Each party shall bear its costs.