NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BJ ENERGY SOLUTIONS, LLC,**
*Appellant*

**v.**

**EVOLUTION WELL SERVICES, LLC,**
*Appellee*

---

2024-1309

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00399.

---

Decided: September 12, 2025

---

EAGLE HOWARD ROBINSON, Norton Rose Fulbright US LLP, Austin, TX, argued for appellant. Also represented by JEREMY ALBRIGHT, STEPHANIE DEBROW, CHAD WALLIS.

KENNETH WAYNE DARBY, Fish & Richardson P.C., Austin, TX, argued for appellee. Also represented by CHRISTOPHER DRYER, Washington, DC; JOSHUA GRISWOLD, Dallas, TX.

---

2  BJ ENERGY SOLUTIONS, LLC v. EVOLUTION WELL SERVICES, LLC

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and ANDREWS, *District Judge*.[1]

MOORE, *Chief Judge*.

BJ Energy Solutions, LLC (BJES) appeals a final written decision (FWD) from the Patent Trial and Appeal Board (Board) holding all challenged claims of U.S. Patent No. 9,395,049 unpatentable as obvious. We *affirm*.

## BACKGROUND

BJES owns the '049 patent, which relates to a pump-motor-pump configuration where a single electric motor drives two hydraulic fracturing pumps, one at each end of the motor. '049 patent at 4:14–35. Claim 1 is representative. *See id.* at 8:5–42 (claim 1).

Evolution Well Services, LLC (Evolution) filed a petition for *inter partes* review challenging claims 1–3, 6–8, 10, 12–13, 15, and 18–20 of the '049 patent as obvious in view of the Zhang-Stout[2] and/or Sanborn-Naets[3] prior art combinations. J.A. 1–75. The Board held all challenged claims would have been obvious in view of either combination. J.A. 576–640.

BJES appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(c).

---

[1] Honorable Richard G. Andrews, District Judge, United States District Court for the District of Delaware, sitting by designation.

[2] U.S. Patent Application Publication No. 2015/0078924 (Zhang), J.A. 1220–26, and U.S. Patent Application Publication No. 2010/0019626 (Stout), J.A. 1227–1316.

[3] U.S. Patent Application Publication No. 2013/0306322 (Sanborn), J.A. 1521–28, and U.S. Patent No. 7,563,413 (Naets), J.A. 1529–37.

## DISCUSSION

### I.  Motion to Strike

Before the Board, BJES filed a motion to strike portions of Evolution's reply brief and supplemental expert declaration for improperly introducing new arguments and evidence.  J.A. 388–402.  The Board dismissed the motion as moot because it did not rely on the materials BJES sought to strike.  J.A. 638.  We review the Board's evidentiary rulings for abuse of discretion.  *VidStream LLC v. Twitter, Inc.*, 981 F.3d 1060, 1064 (Fed. Cir. 2020).

BJES argues the Board abused its discretion by relying on materials that were the subject of the motion to strike without affirmatively ruling on that motion.  BJES Br. 22–23.  We do not agree.  Although the Board cited portions of Evolution's reply brief in its FWD, J.A. 605–07 (citing J.A. 364–65, 368–71), BJES does not explain what, if any, new arguments those specific portions raise such that it was improper for the Board to rely on them, BJES Br. 22–23.

### II.  Motivation to Combine

The Board found a skilled artisan would have been motivated to combine Zhang and Stout because adopting Stout's pump-motor-pump configuration would (1) simplify Zhang's system by reducing the number of components and (2) yield a predictable result from combining known elements according to known methods.  J.A. 606–08.  The Board found that, although the modification may result in some drawbacks, it would also provide benefits, and it is not necessary for a combination to be the best option, only a "suitable" one.  J.A. 607–08.

We review the Board's determination of obviousness de novo and its underlying findings for substantial evidence.  *Outdry Techs. Corp. v. Geox S.p.A.*, 859 F.3d 1364, 1367 (Fed. Cir. 2017).  The Board must support its motivation-to-combine finding with a reasoned explanation to enable our review for substantial evidence.  *Id.* at 1368.

BJES argues the Board's Zhang-Stout motivation-to-combine finding is not adequately reasoned or supported by substantial evidence. BJES Br. 23–44. In particular, BJES argues the Board legally erred by relying on Dr. King's expert testimony to find the Zhang-Stout combination was a "suitable" option because that testimony was about a skilled artisan's present day knowledge of the pump-motor-pump configuration and thus cannot be used to establish motivation to combine. *Id.* at 19–23.

We do not agree. The record supports the Board's interpretation of Dr. King's testimony as applicable to the prior art combinations despite referencing Figure 1 of the '049 patent. J.A. 608 (citing J.A. 2395 at 41:1–15 (King Testimony)). Dr. King opined on the "pump-motor-pump configuration," a term the parties used to refer to prior art combinations throughout the proceedings. *See, e.g.*, J.A. 34 (Petition); J.A. 3419–20 ¶ 64 (King Decl.); J.A. 292 (Patent Owner Response); J.A. 604 (FWD). Under our deferential standard of review, we do not "second-guess the Board's assessment of the evidence." *Velander v. Garner*, 348 F.3d 1359, 1378 (Fed. Cir. 2003).

BJES' other arguments amount to mere disagreements with how the Board weighed the evidence. The Board found (1) a skilled artisan would have selected Stout to combine with Zhang, J.A. 606–09; (2) combining them would result in a simplification benefit, J.A. 606–07; and (3) combining them would yield predictable results, J.A. 609. The Board relied on prior art, expert testimony, and BJES and Evolution's IPR filings to make those findings. J.A. 606–09 (citing J.A. 1096–97 ¶ 54, 1098–100 ¶¶ 56–57; J.A. 267, 273, 286; J.A. 367–71; J.A. 1224 ¶ 17; J.A. 1230 at Fig. 1C, 1295 ¶¶ 90–91; J.A. 2038 at Fig. 6, 2050 ¶ 54, 2053 ¶ 72). At most, BJES identifies other record evidence that could support alternative findings, but that does not mean the Board's findings are not adequately explained or supported by substantial evidence. *Velander*, 348 F.3d at 1378.

BJ ENERGY SOLUTIONS, LLC v. EVOLUTION WELL SERVICES, LLC  5

BJES also argues the Board's Sanborn-Naets motivation-to-combine finding is not adequately reasoned or supported by substantial evidence.  BJES Br. 44–61.  Because we affirm the Board's determination that all challenged claims would have been obvious in view of Zhang-Stout, we need not address this argument.

## CONCLUSION

We have considered BJES' remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the decision of the Board.

## AFFIRMED